[Crim. No. 2856.   First Dist., Div. One.   Jan. 29, 1953.]

THE PEOPLE, Respondent, v. RALPH R. NORTHUM et al., Appellants.

Moerdyke, Anderson & Evans and Stanley R. Evans for Appellants.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Defendants Ralph R. Northum and Lawrence Coburn have appealed from a judgment rendered upon conviction of two counts of burglary, first degree, and from an order denying their motion for a new trial.

*Questions*: Did the trial court commit prejudicial error in failing, even though not requested, to give instructions (1) that the evidence of the extrajudicial oral admissions of a party ought to be viewed with caution, and (2) that the extrajudicial oral admissions of Coburn outside the presence of Northum could not be considered as evidence against Northum?

Two homes in the vicinity of San Jose, California, were broken into during the absence of the occupants: that of John Gasner between 6 p. m. on December 31, 1951, and 9 a. m. of the next day; that of Ugo Orsi between 2 p. m. of December 31st, and 11:45 p. m. the next day. Various articles were taken from each home.

The defendants were apprehended in Los Angeles, January 2, 1952, as Northum was entering a pawnshop carrying a fur coat.

That coat, also papers, a safe deposit key, a watch, bankbooks, clothing, jewelry and a jewelry box, Mrs. Orsi identified as items taken from her home. Defendants also had in their possession a pistol, shells, and two watches which Mr. Gasner identified as taken from his home.

Both defendants testified that they purchased all of this property in Oakland on New Year's morning, from a stranger, for $25, and that they drove to Los Angeles on the inland route via Tracy, Manteca and Bakersfield, and were not in the vicinity of San Jose between the hours of 2 p. m. of December 31st and 11:30 p. m. of January 1st. ·

The only evidence, other than their possession of the stolen property, which tended to connect the defendants with the commission of either crime consisted of extrajudicial oral statements made by them to the police.

Police officers testified that Northum, when asked whose fur coat it was as he came out of the pawnshop, said "my wife's" and that the other clothing in his car belonged to him and his wife; that later he said he never heard of a fur coat, and still later, that he had purchased all of the articles above mentioned, except the gun and the coat, from a fellow in a bar in Oakland, about a week or ten days before January 2d; that upon another occasion Northum and Coburn said that Coburn bought the gun in Oakland for $25 about December 14, 1951; and that on January 4th, Northum said he had purchased all of the property from someone he did not know, all of the articles being together in a large bag. One of the police officers testified that on January 4th Coburn stated to him, with no one else present, that Coburn and Northum met in Oakland on New Year's Eve and decided to go to Los Angeles in Northum's car; that they stopped at several places on the way, he was not sure where the places were; at one place they had a beer and then went to a secluded district, kicked in a door at a house, went in a window and gathered up some clothing, the clothing they were arrested with; that this was in the nighttime; that he did not know anything about a gun; that if there were a gun involved it must belong to Northum. A day or two later Coburn told this officer that he believed they (Coburn and Northum) came through San Jose, as well as he could remember, but did not state definitely that they came that way.

On and after January 9th when questioned separately or together, defendants stated they purchased all the property in Oakland for a total of $25 from a man they did not know, one defendant paying $15 and the other $10. Upon the stand Northum admitted that when first stopped by the officer in Los Angeles he said the fur coat belonged to his wife; that he had had a few drinks and made that reply on the spur of the moment. Coburn denied having said they bought the gun on December 14th, denied having told the officer that the gun belonged to Northum, asserted that he told the officer the gun was in with the other articles. He denied having told the officer that they had broken into a house in a secluded residential district.

The trial judge instructed the jury that mere possession of stolen property is not sufficient to justify conviction; that in addition to proof of possession of such property, there must be proof of corroborating circumstances tending of themselves to establish guilt; and that such corroborating circum-

stances may consist of the acts, conduct, falsehoods, if any, or other declarations, if any, of the defendants. ■ But he gave no cautionary instruction, as required ''on all proper occasions,'' that ''the evidence of the oral admissions of a party [ought to be viewed] with caution.'' (Code Civ. Proc., § 2061, subd. 4.) We entertain no doubt that this case presented a ''proper occasion'' for such an instruction and that it was error, prejudicial error, not to give it.

Other than their possession of the stolen property and Northum's admittedly false statement that the fur coat belonged to his wife, the defendants' out of court oral statements furnished the only evidence which connected them with the commission of the crime and placed them near the scene of the crime. It was the only evidence of first degree burglary at the Orsi home,—commission in the nighttime. There was no evidence that they had a deadly weapon other than the revolver taken from the Gasner home and no evidence that the Gasner home was entered prior to the Orsi home. The state refers to certain testimony of Northum and incorrectly claims he testified to having been in San Jose before going to Los Angeles. He was asked about the gun that was in the defendants' car. He said the first time he saw it was in the city hall in Los Angeles; that Coburn said he put it in the car, that it was among the ''stuff'' they bought; Coburn told him that after they were in San Jose; Coburn did not tell him that until after they got to San Jose; Northum asked him after they ''came up here.'' Obviously, Northum had reference to coming to San Jose after the apprehension of the defendants at Los Angeles, not prior to their going to Los Angeles. The state also claims that the defendants' account, given upon the witness stand, of how they acquired the stolen property, was inherently improbable and as such was evidence of defendants' guilt. Nevertheless, it was for the jury to determine the credibility of that story. They might have believed it. We cannot say they would not have believed it. Considering the entire record, we cannot say that a different verdict would have been improbable had the cautionary instruction been given. (*People* v. *Bemis*, 33 Cal.2d 395, 398-401 [202 P.2d 82] ; *People* v. *Cornett,* 33 Cal.2d 33, 39-40 [198 P.2d 877].)

The state's reliance, in large part, upon cases which antedate the Bemis and the Cornett cases is not convincing. Nor are we persuaded, as the state claims, that the ruling in the

Bemis case should be confined to those situations in which the prosecution relies entirely upon extrajudicial admissions to connect a defendant with the crime. In the Cornett case there was other evidence of a substantial character which connected the defendant with the crime independently of any extrajudicial admissions. Nor are we here concerned with the "testimony" of an "accomplice," the corroboration of such testimony, or cautionary instructions concerning such testimony, as the state in a portion of its argument seems to assume. Instead, we are concerned solely with the "oral admissions" of a "party" and the need for a cautionary instruction concerning such admissions. For failure to give such an instruction, the judgment must be reversed.

Defendants' other point, relating to the evidentiary effect of oral admissions made by Coburn outside the presence of Northum, is not well taken. It was not error to admit proof of those admissions without limiting them to Coburn and without later instructing the jury not to consider them as evidence against Northum. Evidence of the making of those admissions by Coburn was given without the interposition by Northum of any objection of any kind. His request for a limitation of the scope of Coburn's admissions should have been addressed to the trial court, at the proper time.

The judgment and the order appealed from are reversed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied February 13, 1953, and respondent's petition for a hearing by the Supreme Court was denied February 26, 1953. Shenk, J., and Spence, J., were of the opinion that the petition should be granted.